# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

IVAN RANDOLPH WASHINGTON, a/k/a
Lipp,

*Defendant-Appellant.*

No. 02-4304

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-388)

Submitted: April 21, 2003

Decided: May 16, 2003

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Eric J. Erickson, Beaufort, South Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ivan R. Washington pled guilty to possession of heroin and possession with the intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (2000), 18 U.S.C. § 2 (2000), pursuant to a written plea agreement. Washington's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises the issue of whether the guilty plea should be upheld as knowing and voluntary when the Government failed to file an information with the court and serve it upon Washington pursuant to 21 U.S.C. § 851 (2000). Washington has declined to file a pro se supplemental brief.

The Presentence Report (PSR) attributed 0.3 grams of heroin to Washington. An offense level of 12 is set for quantities of heroin less than 5 grams. *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(14) (2000). However, a higher offense level of 34 was calculated under USSG § 4B1.1(B), as Washington has an extensive criminal history. Washington's offense level was reduced three levels for acceptance of responsibility. Additionally, the court reduced Washington's sentence following the Government's USSG § 5K1.1 motion and departed downward from the applicable guideline range. On March 28, 2002, Washington was sentenced to 120 months' imprisonment, six years of supervised release, and a $100 special assessment.

Washington may not challenge his sentence as the district court did not depart upward from the applicable guideline range and the sentence was within that authorized by statute. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Additionally, the district court conducted a thorough Rule 11 inquiry, during which Washington admitted that he had two or more prior convictions for drug offenses. Washington's guilty plea was validly entered.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Washington's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*